**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-2820

_____

CHARLESWORTH LEWIS,
Appellant

v.

LAUREN E. O'DONNELL, Esq.; KEVIN C. RAKOWSKI, Esq;
FRANK J. KEENAN, Esq; PENNYMAC CORP.; M. E. WILEMAN; C. LAFFERTY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-16-cv-01514)
District Judge:  Honorable Jose L. Linares

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 16, 2016

Before: AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 4, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Charlesworth Lewis appeals from an order of the United States District Court for the District of New Jersey dismissing his complaint. For the reasons that follow, we will affirm.

Lewis defaulted on a mortgage that had been assigned to PennyMac Corporation. Consequently, PennyMac filed a foreclosure action in the Superior Court of New Jersey, Chancery Division (Essex County). Lewis failed to respond, and a final judgment by default was entered against him in October 2014.[1] In May 2015, Lewis initiated a separate action against PennyMac in the Chancery Division, alleging that the assignment of his mortgage was fraudulently drafted, executed, and recorded. On August 21, 2015, the Chancery Division granted PennyMac's motion to dismiss and dismissed the action with prejudice.

In March 2016, Lewis filed a complaint in the District Court, challenging the foreclosure action on the ground that the assignment of the mortgage to PennyMac was "defective." In particular, he alleged violations of the Fair Debt Collection Practices Act (FDCPA), the Racketeer Influenced and Corrupt Organizations (RICO) Act, the New Jersey Consumer Fraud Act (CFA), and civil conspiracy laws. Lewis named as defendants PennyMac, attorneys who represented PennyMac, and individuals involved in

---

[1] Thereafter, Lewis filed a motion to vacate the default judgment, arguing that the assignment of the mortgage to PennyMac was invalid. The Chancery Division denied Lewis' motion. Lewis appealed, and the Superior Court, Appellate Division, affirmed. See Pennymac Corp. v. Lewis, 2016 WL 3981210, at *2 (N.J. Super. Ct. App. Div. July 26, 2016) (not precedential).

2

executing and notarizing the PennyMac assignment. The defendants were not served with the complaint but, upon learning of its existence through their own docket search, filed a motion to dismiss. Lewis filed a response in opposition. The District Court denied the motion to dismiss as moot, but nevertheless dismissed the complaint, holding that Lewis' claims were barred by the Rooker-Feldman doctrine and New Jersey's entire controversy doctrine.[2] Lewis appealed.[3]

In his brief, Lewis primarily alleges that his procedural due process rights were violated by the District Court's dismissal of his complaint before the Defendants were served, entered an appearance, and participated in discovery. In Oatess v. Sobolevitch, we held that dismissal of a complaint prior to service of process is inappropriate. 914 F.2d 428, 430 (3d Cir. 1990). Here, however, although the Defendants were not served, they filed a motion to dismiss, Lewis filed a response in opposition to that motion, the District Court rendered its decision, and Lewis appealed. Consequently, the concerns underlying our decision in Oatess – "interfere[nce] with the orderly process of the case[,]" "bypass[ing] our tradition of adversarial proceedings[,]" and "greater

---

[2] The District Court also denied as moot Lewis' "motion to show bona fides," wherein he sought an order directing the Defendants' attorneys to explain their "authority to defend this action." There is no merit to Lewis' argument on appeal that the District Court was required to hold a hearing to address that motion.

[3] We have jurisdiction under 28 U.S.C. § 1291 and review de novo the District Court's dismissal of the complaint. We may affirm the District Court's judgment on any basis that the record supports. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

inefficiency" because "if an appeal is taken the case shuttles between the district and appellate courts[,]" id. at 431 – are absent here. See Roman v. Jeffes, 904 F.2d 192, 196 (3d Cir. 1990) (stating that "there are times when a court may sua sponte raise the issue of the deficiency of a pleading under Rule 12(b)(6) provided that the litigant has the opportunity to address the issue either orally or in writing."). In addition, Lewis has failed to identify how he was prejudiced by the filing of the Defendants' motion to dismiss three days before their attorney entered an appearance. Also, contrary to Lewis' contention, the District Court was permitted to dismiss the complaint prior to discovery. See Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).

We also conclude that the Defendants' motion to dismiss adequately demonstrated that Lewis' claims are barred by res judicata.[4] See Fed. R. Civ. P. 8(c) (listing res judicata as an affirmative defense); see also Ball v. Famiglio, 726 F.3d 448, 459 n.16 (3d Cir. 2013) (noting that res judicata may be raised in a 12(b)(6) motion to dismiss). Res judicata bars claims that were actually litigated or could have been litigated in a prior action. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). For res judicata to apply, a defendant must show that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984). "In deciding whether two suits are based on the same 'cause of

---

[4] This conclusion obviates the need for us to consider the District Court's application of the Rooker-Feldman and entire controversy doctrines. See Murray, 650 F.3d at 247.

4

action,' we take a broad view, looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'" CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999) (citation omitted).

Based on our review of Lewis' complaint and the state court documents submitted by the Defendants, it is clear that those requirements have been met and that Lewis is merely attempting to re-litigate issues that were already decided in state court. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) (recognizing that "a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment"). First, Lewis' prior state court actions were dismissed on the merits. See Morris v. Jones, 329 U.S. 545, 550-51 (1947) (holding that a default judgment constitutes a decision on the merits for res judicata purposes); DeGroot, Kalliel, Traint & Conklin, P.C. v. Camarota, 404 A.2d 1211, 1213 (N.J. Super. Ct. App. Div. 1979) (same). Second, PennyMac is a party here and in the prior actions.[5] Finally, the

---

[5] With respect to the individual defendants named here, only one, M.E. Wileman, was named in the state court proceedings. Nevertheless, we conclude that the individual defendants were in privity with PennyMac. "Privity 'is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata.'" Marran v. Marran, 376 F.3d 143, 151 (3d Cir. 2004) (quoting EEOC v. U.S. Steel Corp., 921 F.2d 489, 493 (1990)). Indeed, the individual defendants all worked for or on behalf of PennyMac. See Henry v. Farmer City State Bank, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986) ("Even though the Bank was the only actual party to the state court mortgage foreclosure proceedings, the other defendants, as directors, officers, employees, and attorneys of the Bank, are in privity with the Bank for purposes of res judicata."); see also Collins v. E.I. DuPont de Nemours & Co., 34 F.3d 172, 176 (3d Cir. 1994) (stating that, under New Jersey law, "[a] relationship is usually considered 'close enough' [for res judicata purposes] only when the party is a virtual representative of the non-party, or when the non-party actually

5

present action and the prior state suits involve the issue whether the mortgage was fraudulently assigned to PennyMac. We note that Lewis could have raised in state court claims under the FDCPA, the RICO Act, the New Jersey CFA, and civil conspiracy laws. See e.g., Hodges v. Sasil Corp., 915 A.2d 1, 7 (N.J. 2007) (addressing FDCPA claim in connection with landlord-tenant dispute); Mayo, Lynch & Assocs., Inc. v. Pollack, 799 A.2d 12, 20-22 (N.J. Super. Ct. App. Div. 2002) (considering federal RICO claim).

For these reasons, we will affirm the District Court's judgment.[6]

---

controls the litigation.").

[6] Lewis' "motion for attorney to show bona fides and authority" and "motion to strike appellees' answer brief and sanction the Appellees' attorneys" are denied. We also deny as moot Appellees' "motion for leave to file opposition to Appellant's motion for attorney to show bona fides and authority."